# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PERLA HERNANDEZ,<br><br>   Plaintiff(s),<br><br>v.<br><br>SAXON MORTGAGE SERVICES, et al.,<br><br>   Defendant(s). | 2:13-CV-323 JCM (NJK) |

### ORDER

Presently before the court is defendants', NovaStar Mortgage, Inc., and Ocwen Loan Services LLC, motion to dismiss. (Doc. # 5). *Pro se* plaintiff Perla Hernandez filed a response in opposition (doc. # 8), and the defendants filed a reply (doc. # 15). Defendants Quality Loan Service Corporation and Mortgage Electronic Registration Services, Inc. filed a joinder to the motion to dismiss. (Docs. # 10 & 18).

Also before the court is defendant Saxon Mortgage Services' motion to dismiss. (Doc. # 22). Plaintiff has not responded and the deadline date has passed. Defendant Saxon filed a notice of non-opposition. (Doc. # 34).

Also before the court is defendants' Bank of New York Mellon, Mortgage Electronic Registration Services, Inc., NovaStar Mortgage, Inc., and Ocwen Loan Services LLC, motion to quash summons. (Doc. # 35).

. . .

**James C. Mahan**
**U.S. District Judge**

I.     **Background**

This case is a mortgage and foreclosure related lawsuit by a *pro se* plaintiff. Plaintiff purchased property at 12113 Vista Linda Avenue, Las Vegas, Nevada. On or about March 26, 2006, plaintiff executed a note secured by a deed of trust on the property.[1] The deed of trust was recorded on March 30, 2006.

NovaStar originally serviced plaintiff's loan. NovaStar transferred the loan to Saxon on or about November 1, 2007. On or about May 7, 2010, Saxon transferred the loan to Ocwen for servicing.

Mortgage Electronic Registration Systems, Inc. ("MERS") was named as nominal beneficiary under the deed of trust. MERS assigned the deed of trust to Bank of New York Mellon ("BNY") on or about March 21, 2009. That same day, BNY substituted Quality Loan Service Corporation ("Quality") as trustee under the deed of trust.

On or about March 24, 2009, Quality recorded a notice of breach and default of election to cause sale of real property under the deed of trust. Plaintiff began defaulting on her mortgage payments as early as December 1, 2008. A notice of trustee's sale was recorded on April 30, 2012. A trustee's sale was held on May 31, 2012, and BNY purchased the property via a credit bid in the amount of $375,000.

Based on the foregoing, plaintiff filed the instant suit against the following defendants: Saxon, Ocwen, Quality, NovaStar, BNY, First National Bank of Arizona, and MERS. The complaint does not meaningfully differentiate between any of the defendants. The complaint was filed in state court and defendants removed to this court. The complaint alleges the following six causes of action: (1) intentional misrepresentation/fraud; (2) negligence per se; (3) negligence; (4) rescission; (5) wrongful foreclosure; and, (6) quiet title.

. . .

. . .

---

[1] The court judicially recognizes the following documents properly recorded in Clark County: the note, the deed of trust, assignments of the deed of trust, notice of breach and default, election to cause sale of real property, and notice of trustee's sale.

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the

1  opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
2  plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
3  be subjected to the expense of discovery and continued litigation." *Id.*

4  **III.    Discussion**

5         The court will address each of the six causes of action in turn. As an initial matter, plaintiff
6  does not substantively respond to the motions to dismiss. Plaintiff filed a response less than a page
7  a length. Attached to the response was an order from a Florida state court applying Florida state law
8  to a judicial foreclosure. This case involves the application of Nevada state law to a trustee sale, a
9  non-judicial proceeding. Additionally, plaintiff did not file oppositions to all of the motions to
10 dismiss.

11        *A.      Intentional Misrepresentation/Fraud*

12        To state a claim for fraudulent misrepresentation, a plaintiff must allege: (1) that defendant
13 made a false representation; (2) with knowledge of its falsity; and, (3) with the intent to induce
14 reliance on the misrepresentation. *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988).

15        "In alleging fraud or mistake, a party must state with particularity the circumstances
16 constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[A] plaintiff asserting fraud against a corporate
17 [entity] must state the names of the persons who made the allegedly fraudulent representations, their
18 authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."
19 *Roberts v. McCarthy*, no. 2:11-cv-00080, 2010 WL 1363811, at *3 (D. Nev. April 11, 2011) (quoting
20 *Spencer v. DHI Mortg., Inc.*, 642 F.Supp.2d 1153, 1164 (E.D. Cal. 2009).

21        After reviewing the complaint, the court finds that it states no specific facts against any of
22 the defendants. The complaint does not allege the who, what, when, where, and how.

23        Additionally, the intentional misrepresentation and/or fraud claims are time barred. These
24 causes of action must be brought within three years. NRS 11.190(3)(d). The loan transaction was
25 completed on March 23, 2006, giving plaintiff until March 23, 2009, to file her complaint. The
26 complaint was not filed in state court until November 27, 2012. To the extent her fraud claims are
27 based on the notice of default, the notice of default was recorded on March 24, 2009. The action
28

James C. Mahan
U.S. District Judge

- 4 -

1  needed to be filed on or before March 24, 2012.  Plaintiff filed this action in state court on November
2  27, 2012.  The claims are time barred.

3  Plaintiff's cause of action for intentional misrepresentation and/or fraud is dismissed against
4  defendants Saxon, Ocwen, Quality, NovaStar, BNY, and MERS.

5  *B.    Negligence Per Se*

6  Plaintiff's negligence per se claims are based on violations of the Truth in Lending Act
7  ("TILA") and the Real Estate Settlement Procedures Act ("RESPA").  Even assuming plaintiff could
8  recover under a negligence per se theory for violations of RESPA and TILA, the applicable statute
9  of limitations is two years for negligence per se claims.  NRS 11.190(4)(e).  Plaintiff's complaint
10 states that the causes of action is based upon conduct "[a]t the time the loan transaction occurred."
11 (Compl. at ¶22).  The claims are time-barred because they needed to have been filed on or before
12 March 23, 2008.

13 Additionally, even looking at the allegations in the complaint, the plaintiff has not stated a
14 proper claim for RESPA or TILA because the complaint contains only conclusory allegations.
15 Plaintiffs second cause of action is dismissed against defendants Saxon, Ocwen, Quality, NovaStar,
16 BNY, and MERS.

17 *C.    Negligence*

18 Plaintiff's third cause of action alleges negligence against defendant Quality only.  The
19 complaint alleges that Quality was negligent because it did not properly conduct the foreclosure sale.
20 The allegations really sound in wrongful foreclosure allegations, which are discussed more
21 thoroughly in section III.E. *infra*.  To the extent plaintiff is attempting to allege negligence against
22 Quality then those claims are barred by the economic loss doctrine.

23 "[T]he economic loss doctrine marks the fundamental boundary between contract law, which
24 is designed to enforce the expectancy interests of the parties, and tort law, which imposes a duty of
25 reasonable care and thereby generally encourages citizens to avoid causing physical harms to others."
26 *Terracon Consultants Western, Inc. v. Mandalay Resort Group*, 125 Nev. 66, 72-73, 206 P.3d 81,
27 86 (Nev. 2009).  "[U]nless there is personal injury or property damage, a plaintiff may not recover
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  in negligence for economic losses." *Id.* All of plaintiff's allegations are really contractual causes
2  of action, and her claim for negligence is dismissed against Quality.

3       D.     *Rescission*

4       "Rescission is an equitable remedy which totally abrogates a contract and which seeks to
5  place the parties in the position they occupied prior to executing the contract." *Bergstrom v. Estate*
6  *of DeVoe*, 109 Nev. 575, 577, 854 P.2d 860, 861 (Nev. 1993). Upon rescission, the parties should
7  be "returned as closely as possible to their respective positions prior to entering into the contract."
8  *Id.* A non-breaching party to the contract may either seek to rescind the contract or seek damages
9  from the breach, but not both. *Id.*; *see also Fuoroli v. Westgate Planet Hollywood Las Vegas, LLC*,
10 no. 2:10-cv-2191-JCM, 2013 WL 431047, at *4 (D. Nev. Feb. 1, 2013).

11      In this case, plaintiff has not properly alleged that she is a non-breaching party. Plaintiff has
12 not properly alleged a breach of the contract or that the contract was void or voidable. Plaintiff, in
13 fact, breached the contract by defaulting on their loans, and has not alleged that she is current.
14 Plaintiff also fails to allege that she could return the money loaned to her to purchase the property.
15 Plaintiff's cause of action for rescission is dismissed against defendants Saxon, Ocwen, Quality,
16 NovaStar, BNY, and MERS.

17      E.     *Wrongful Foreclosure*

18      "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can
19 establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of
20 condition or failure or performance existed on the mortgagor's or trustor's part which would have
21 authorized the foreclose or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*,
22 99 Nev. 284, 304, 662 P.2d 610, 623 (Nev. 1983). "Therefore, the material issue of fact in a
23 wrongful foreclosure claim is whether the trustor was in default when the power of sale was
24 exercised." *Id.*

25      Plaintiff was in default at the time of her loan and has not alleged otherwise. Because
26 plaintiff fails to allege that she was current on her loan or that she could tender full payment, her
27 cause of action for wrongful foreclosure is dismissed against defendants Saxon, Ocwen, Quality,
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  NovaStar, BNY, and MERS. *See Winter v. Stearns Lending, Inc.*, 2:11-cv-00736-KJD-PAL, 2012
2  WL 523698, at *2 (D. Nev. Feb. 16, 2012) ("Plaintiff's wrongful foreclosure claims fail [ ] because
3  Plaintiff does not dispute that she is in default and cannot cure the default.").

4      *F.*    *Quiet Title*

5      Plaintiff asserts a claim for quiet title. "A trustor cannot quiet title without discharging his
6  debt. The cloud upon his title persists until the debt is paid." *Lopez v. Bank of America, N.A.*, 2:12-
7  cv-801-JCM-CWH, 2013 WL 1501449, at *3 (D. Nev. April 10, 2013) (applying Nevada law). "The
8  purpose of a quiet title action is to establish one's title against adverse claims to real property or any
9  interest therein." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1049-50 (N.D. Cal.
10 2009). In a quiet title action, the burden of proof rests with the plaintiff to provide good title in
11 himself. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).

12     First, plaintiff has not alleged that she has free and clear title to the property. Second, she has
13 not alleged any adverse interest she is seeking to quiet. A lien against her property, held as security
14 by a defendant or anyone else, is not an interest adverse to her own. Both interests may exist in
15 harmony, for one is a present interest and one is a future interest. For a plaintiff to quiet title, the
16 plaintiff must show both that she holds good title to the property in question and that defendant is
17 making a claim adverse to her interest. Plaintiff fails to plead either; therefore, she is not entitled to
18 such relief.  The quite title cause of action is dismissed against defendants Saxon, Ocwen, Quality,
19 NovaStar, BNY, and MERS

20 **IV.**    **Conclusion**

21     Plaintiff alleged numerous causes of action against numerous defendants.  The negligence
22 cause of action was alleged against only Quality, and is dismissed.  The remaining causes of action
23 were alleged against all defendants.  Every cause of action alleged is dismissed against defendants
24 Saxon, Ocwen, Quality, NovaStar, BNY, and MERS.  Defendant First National Bank of Arizona,
25 LLC has yet to be served and is still a defendant subject to Federal Rule of Civil Procedure 4.
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 7 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants', NovaStar Mortgage, Inc., and Ocwen Loan Services LLC, motion to dismiss (doc. # 5) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that defendant Saxon Mortgage Services' motion to dismiss (doc. # 22) be, and the same hereby, is GRANTED.

DATED July 1, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 8 -