UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| PERLA HERNANDEZ, | ) | |
| | ) | |
| Plaintiff(s), | ) | 2:13-cv-00323-JCM-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| SAXON MORTGAGE SERVICES; et al., | ) | **O R D E R** |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Before the Court is Three Arch Investment Corp.'s ("Three Arch") Motion to Intervene, Docket No. 51.[1] The Court has considered Three Arch's Motion, Docket No. 51, Plaintiff's Opposition, Docket No. 56, and Three Arch's Reply, Docket No. 61. The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2. For the reasons discussed below, Three Arch's Motion is GRANTED.

**I.   BACKGROUND**

This is a mortgage and foreclosure-related lawsuit brought by a *pro se* plaintiff. Plaintiff is the previous owner of real property located at 12113 Vista Linda Avenue, Las Vegas, Nevada. Docket No. 51, at 2. On or about March 26, 2006, Plaintiff executed a note secured by a deed of trust on the property.[2] The deed of trust was recorded on March 30, 2006. *Id.*, Exh. B.

---

[1] Three Arch Investment Corp. also requests dismissal; however, that request will be addressed in a separate order by the Court. *See* Docket No. 52.

[2] The Court previously judicially recognized the following documents properly recorded in Clark County: the note, the deed of trust, assignments of the deed of trust, notice of breach and default, election to cause sale of real property, and notice of trustee's sale. Docket No. 36, at 2 n. 1.

1  Former defendant NovaStar[3] originally serviced Plaintiff's loan. NovaStar transferred the loan to former defendant Saxon Mortgage Services on or about November 1, 2007. Docket No. 36. Thereafter, on or about May 7, 2010, Saxon transferred the loan to former defendant Ocwen Loan Services, LLC., for servicing. *Id*.

Mortgage Electronic Registration Systems, Inc. ("MERS") was named as a nominal beneficiary under the deed of trust. MERS assigned the deed of trust to former defendant Bank of New York Mellon ("BNY") on or about March 21, 2009. *Id*. On March 23, 2009, BNY substituted former defendant Quality Loan Service Corporation ("Quality") as trustee under the deed of trust. *Id*.

On or about March 24, 2009, Quality recorded a notice of breach and default of election to cause sale of real property under the deed of trust. *Id*. Plaintiff began defaulting on her mortgage payments as early as December 1, 2008. *Id*. A notice of trustee's sale was recorded on April 30, 2012. *Id*. A trustee's sale was held on May 31, 2012, and BNY purchased the property via credit bid in the amount of $375,000. *Id*.

On October 29, 2013, Three Arch purchased the subject property from BNY.[4] Docket No. 51, at 3. After purchasing the property, Three Arch discovered that both Plaintiff and another individual, Tom Benson, were living at the subject property. *Id*. Accordingly, Three Arch filed an Unlawful Detainer action and served the occupants of the house on January 28, 2014. *Id*.

Three Arch has filed the instant motion asserting that it seeks to protect its property interests and make use of its investments. *Id*.

**II.   DISCUSSION**

  **A.   Failure to File Points and Authorities**

Pursuant to Local Rule 7-2, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2. Here,

---

[3]The Court dismissed NovaStar and all other Defendants who have been served in this case on July 1, 2013. See Docket No. 36. To date, Defendant First National has not been served and is the only remaining Defendant in this case.

[4]This was approximately four months after the Court granted the served-defendants' motions to dismiss. Docket No. 36.

1 although Plaintiff filed an opposition, she did not address Three Arch's request to intervene and,
2 thus, failed to file any points or authorities in opposition to its request. Accordingly, Plaintiff has
3 consented to the granting of the motion.

### B.     Intervention of Right

To intervene as of right under Fed.R.Civ.P. 24(a)(2), the applicant must claim "an interest relating to the property or transaction which is the subject of the action and [that] the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Specifically, an applicant for intervention as of right must demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *citing United States v. City of Los Angeles,* 288 F.3d 391, 397 (9th Cir. 2002) (citation omitted).

The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met. *Id*. However, in determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention. *Id*.

Here, Three Arch satisfies all four intervention of right factors. First, it has a significant protectable interest in the real property that is the subject of this action because it owns the real property that is the subject of this action. Docket No. 51, at 6. Second, the disposition of this action will impair or impede Three Arch's ability to protect its interest because, as previously stated, at the center of this action is real property owned by Three Arch. *Id*. Third, Three Arch's application is timely because Plaintiff has yet to serve the sole remaining Defendant, all other Defendants have been dismissed, and no discovery appears to have taken place. *Id*., at 5, *see also Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir.1981) (finding that timeliness is a flexible concept; its

determination is left to the district court's discretion). Fourth, and finally, the only party currently involved in this case is Plaintiff, who is directly adverse to Three Arch's interests. Docket No. 51, at 6.

Accordingly, the Court finds that Three Arch has satisfied the intervention as of right standard under Fed.R.Civ.P. 24(a)(2) and hereby grants Three Arch's motion.

### III.  CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Three Arch Investment Corp.'s Motion to Intervene, Docket No. 51., is GRANTED.

DATED: March 7, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge