**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| PERLA HERNANDEZ, | 2:13-CV-323 JCM (NJK) |
|---|---|
| Plaintiff(s), | |
| v. | |
| SAXON MORTGAGE SERVICES, et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is intervenor Three Arch Investment Corporation's ("Three Arch") motion to dismiss. (Doc. # 52). Plaintiff Perla Hernandez has responded (doc. # 56) and Three Arch has replied (doc. # 62).

**I.    Background**

This is a mortgage and foreclosure-related lawsuit brought by a *pro se* plaintiff, the previous owner of real property located at 12113 Vista Linda Avenue, Las Vegas, Nevada. On or about March 26, 2006, plaintiff executed a note secured by a deed of trust on the property. The deed of trust was recorded on March 30, 2006.

Former defendant NovaStar originally serviced plaintiff's loan. NovaStar transferred the loan to former defendant Saxon Mortgage Services on or about November 1, 2007. Thereafter, on or about May 7, 2010, Saxon transferred the loan to former defendant Ocwen Loan Services, LLC., for servicing.

**James C. Mahan**
**U.S. District Judge**

1   Mortgage Electronic Registration Systems, Inc. ("MERS") was named as a nominal
2   beneficiary under the deed of trust. MERS assigned the deed of trust to former defendant Bank of
3   New York Mellon ("BNY") on or about March 21, 2009. On March 23, 2009, BNY substituted
4   former defendant Quality Loan Service Corporation ("Quality") as trustee under the deed of trust.

5   On or about March 24, 2009, Quality recorded a notice of breach and default of election to
6   cause sale of real property under the deed of trust. Plaintiff began defaulting on her mortgage
7   payments as early as December 1, 2008. A notice of trustee's sale was recorded on April 30,
8   2012. A trustee's sale was held on May 31, 2012, and BNY purchased the property via credit bid
9   in the amount of $375,000.

10   Plaintiff thereafter filed suit in Nevada state court, and the matter was removed on February
11   26, 2013. Each defendant that has been served has appeared and filed or joined in motions to
12   dismiss. The court granted those motions in an order dated July 1, 2013. (Doc. # 36).

13   Thereafter, on October 29, 2013, Three Arch purchased the subject property from BNY.
14   After purchasing the property, Three Arch discovered that both plaintiff and another individual, Tom
15   Benson, were still living at the property. Accordingly, Three Arch filed an unlawful detainer action
16   and served the occupants of the house on January 28, 2014.

17   Three Arch filed a motion to intervene in the instant action based on its ownership of the
18   property, which the magistrate judge granted on March 7, 2014. (Doc. # 63). Three Arch has filed
19   the instant motion seeking to dismiss the action as to the one remaining defendant that was never
20   served, First National Bank of Arizona, LLC ("First National"), and close the case.

21   **II.   Discussion**

22   The court's July 1, 2013, order dismissed "[e]very cause of action alleged [] against
23   defendants Saxon, Ocwen, Quality, NovaStar, BNY, and MERS. Defendant First National Bank of
24   Arizona, LLC has yet to be served and is still a defendant subject to Federal Rule of Civil Procedure
25   4." (Doc. # 36 at 7).

26   That order, which was issued nearly 10 months ago, put plaintiff on notice of the fact that
27   First National had not been served as required by Rule 4. To date, plaintiff has failed to provide

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

notice of service on First National.

In addition to her failure to serve First National, the court notes that no allegations in the complaint were alleged specifically against First National. Even if they had been, they would have failed and been subsequently dismissed for the very same reasons those claims against every other defendant have been dismissed: plaintiff has not, and cannot, state a proper claim for relief as a matter of law.

**III.   Conclusion**

Plaintiff has failed to serve the lone remaining defendant, First National, within the time limit required by Rule 4(m). She has not shown good cause for her failure to comply with Rule 4(m), and the court finds none exists. Moreover, had she served First National, her claims against it would have been dismissed for reasons articulated in the court's prior order.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Three Arch Investment Corp.'s motion to dismiss (doc. # 52) be, and the same hereby is, GRANTED. The clerk shall enter judgment and close the case.

DATED April 25, 2014.

_/s/ James C. Mahan_
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge